**In re Herman Andrew YATES, Sr., Debtor.**

**No. 6:07–bk–00231–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 2, 2007.

Ann W. Rogers, Ormond Beach, FL, for Debtor.

### *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Objection (Doc. No. 32) ("Objection") filed by Herman Andrew Yates, Sr., the Debtor herein ("Debtor"), to Claim No. 8 of Creative Money Works, Inc. ("Creative") and Creative's Response thereto (Doc. No. 38). An evidentiary hearing was conducted on September 4, 2007 at which the Debtor, his counsel, a representative of Creative, counsel for Creative, and counsel for Laurie K. Weatherford, the Chapter 13 Trustee, appeared. The Court makes the following findings and conclusions after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

---

The Debtor filed a previous individual Chapter 13 case on August 4, 2006, Case No. 6:06–bk–01925–ABB, which was dismissed on November 16, 2006 for his failure to file income tax returns and maintain plan payments. The Debtor filed this Chapter 13 case on January 15, 2007. The Debtor owns real property located at 40306 Lime Street, Eustis, Florida 32736 ("Property"), which he claims as his homestead. Creative holds a second-priority security interest in the Property pursuant to a Mortgage executed by the Debtor and his wife on December 19, 2001. The Mortgage secures a Promissory Note in the principal amount of $6,926.94 executed by the Debtor and his wife on December 19, 2001.

The Promissory Note provides the Debtor and his wife are to pay Creative $200.00 per month for forty-three months with interest accruing at twelve percent per annum beginning January 19, 2002. The Mortgage provides the Debtor and his wife:

> . . . shall pay all sums payable hereunder, and perform, comply with and abide by each and every [of] the stipulations, agreements, conditions and covenants of said Promissory Note and of this mortgage, . . . and shall duly pay all taxes, and also insurance premiums reasonably required and all costs and expenses including a reasonable attorney's fee, which said Mortgagee may incur in collecting money secured by this mortgage,

and also in enforcing this mortgage by suit or otherwise, then this mortgage and the estate hereby created shall cease and be null and void.[1]

The Promissory Note sets forth the borrowers agree "to pay all costs, including a reasonable attorney's fee, whether suit be brought or not" in the event of a default.[2]

A default occurred and Creative instituted foreclosure proceedings against the borrowers in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, Civil Action No. 06–CA440. A Summary Final Judgment of Foreclosure was entered in favor of Creative on July 11, 2006 finding $10,437.03 (which includes interest of $1,615.79 and attorney's fees of $2,740.00) was due to Creative and setting a foreclosure sale for August 8, 2006. The foreclosure was stayed by the Debtor's filing of Case No. 6:06–bk–01925–ABB.

Creative reinstituted the foreclosure proceeding after dismissal of Case No. 6:06–bk01925–ABB. The reinstituted foreclosure proceeding was stayed by the Debtor's second Chapter 13 filing. Creative filed Proof of Claim No. 7 asserting a secured debt of $11,607.27 and amended Claim No. 7 by filing Claim No. 8 asserting a secured debt of $15,883.52. The increase of $4,276.25 is attributable to: (i) additional interest of $173.88; (ii) bankruptcy attorney's fees (for the second case) of $1,838.00; and (iii) additional foreclosure attorney's fees of $2,264.37.[3] Creative explained the increase in foreclosure coun-

---

1. Doc. No. 46; Creative's Exh. No. 2 (Mortgage).

2. *Id.* (Promissory Note).

3. Claim No. 8 lists foreclosure counsel's fees as $5,004.37; Creative stated at the hearing the correct figure is $4,320.00. The figure of $5,004.37 contains costs that were already accounted for in the line item "Filing Fees

and Costs Incurred." Creative presented foreclosure counsel's composite billing statement covering the period January 24, 2006 through March 30, 2007 and failed to delineate what time entries correspondence to the original fees of $2,740.00 contained in Claim No. 7 and what entries correspondence to the fee increase of Claim No. 8.

sel's fees was the result of the second foreclosure proceeding.

The Debtor objects to Claim No. 8 on various grounds, but focuses on the foreclosure attorney's fees contending they are excessive.[4] Foreclosure counsel's billing records reflect he charged Creative $200.00 per hour and spent approximately 4.1 hours on the reinstituted foreclosure proceeding resulting in fees of $820.00.[5] The billing records do not support the increased foreclosure counsel fees contained in Claim No. 8 and such fees are excessive. The billing records support additional foreclosure counsel fees of $820.00.

The Debtor's Objection is due to be sustained and Claim No. 8 is due to be allowed in the amount of $14,439.15. Claim No. 7 is due to be disallowed as having been replaced by Claim No. 8.

Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the Debtor's Objection (Doc. No. 32) is hereby **SUSTAINED** and Claim No. 8 filed by Creative Money Works, Inc. is allowed in the amount of $14,439.15 and Claim No. 7 is hereby **DISALLOWED.**

---

4. The bankruptcy attorney's fees were incurred by Creative due to the Debtor's default and fall within the provisions of the Mortgage and Promissory Note relating to the recovery of reasonable attorney's fees.

5. Doc. No. 46; Creative's Exh. No. 4.